UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GAIL HENDRICKS, | ) | CASE NO. 1: 14 CV 2172 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING REPORT</u> |
| | ) | <u>AND RECOMMENDATION</u> |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Greg White. Magistrate Judge White recommends affirming the Commissioner of Social Security's ("Commissioner") decision denying Ms. Hendrick's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423, *et seq.*. (ECF #11). Following the issuance of the Report and Recommendation, the Plaintiff filed an Objection to the Report and Recommendation. (ECF #12). The Commissioner then filed a Response to Plaintiff's Objections. (ECF #13).

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). Magistrate Judge White's Report and Recommendation is well-supported and correct. The Administrative

Law Judge ("ALJ") found Ms. Hendricks did establish that she suffered from severe impairments due to degenerative disc bulging and a history of migraine headaches. However, her impairments, either singularly or in combination, did not meet or equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ also found Ms. Hendricks was capable of performing her past relevant work activities, and that she had a Residual Functional Capacity which allowed her to engage in a limited range of light work. For the reasons set forth in the Magistrate's Report and Recommendation, this Court agrees that the ALJ applied the correct legal standard, and there is substantial evidence in the record to support the ALJ's findings of fact.

The ALJ did not assess Ms. Hendricks testimony as to the effects of her migraines as "fully credible." Further, there is no evidence, medical or otherwise, in the record that suggests the limitations that would be appropriate to address her migraines exceeded the other limitations considered by the ALJ. She suggests no other specific limitations, and her treating physician does not appear to have assessed any particular restrictions related to her migraines. Ms. Hendrick's objections assert that her impairments, including her headaches, must be considered in combination to determine whether she suffered the equivalent of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and what her Residual Functional Capacity. Neither the Commissioner's decision or the Magistrate's Report and Recommendation contradict this assertion. After assessing the credibility of Ms. Hendrick's testimony, and taking into account the other evidence provided, the ALJ found that Ms. Hendrick's headaches, even when combined with her other impairments, did not change her level of impairment or reduce her Residual Functional Capacity. It is clear from the record that the ALJ considered Ms. Hendricks

migraine headaches as they were listed as one of her severe impairments.  However, there was substantial evidence to support the ALJ's conclusion that Plaintiff did not have an impairment *or any combination of impairments* that would have entitled her to the requested disability benefits.

The Report and Recommendation, (ECF #36), is ADOPTED in its entirety.   The final decision of the Commissioner is AFFIRMED, and judgment is entered in favor of the Defendant.  IT IS SO ORDERED.


　　　　　　　　　　　　　　　　　　　　　　 /s/ Donald C. Nugent
　　　　　　　　　　　　　　　　　　　　　　DONALD C. NUGENT
　　　　　　　　　　　　　　　　　　　　　　United States District Judge


DATED: September 8, 2015